[ECF No. 152]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **JODY LUTTER**,<br><br>    **Plaintiff,**<br><br>v.<br><br>**JNESO, et al.,**<br><br>    **Defendants.** | Civil No. 19-13478 (RMB)(EAP) |

## OPINION

This matter comes before the Court on Plaintiff Jody Lutter's Motion seeking leave to file a second amended complaint. ECF No. 152 ("Pl.'s Motion"). The motion is unopposed. The Court has reviewed Plaintiff's submission and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons that follow and for good cause shown, Plaintiff's Motion is **DENIED**.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint.[1] ECF No. 54, First Amended Complaint ("FAC"). Plaintiff is a former Essex County ("County") employee who worked as a graduate nurse at the Essex County Hospital Center ("Hospital") in Cedar Grove, New Jersey. *Id.* ¶¶ 1, 12. Defendant JNESO is a labor union that previously represented Plaintiff as a bargaining unit employee during her employment with the County. *Id.* ¶¶ 2, 12.[2]

---

[1] On appeal, the Third Circuit Court of Appeals concluded that Plaintiff's First Amended Complaint was "actually an amended and supplemental complaint." *Lutter v. JNESO*, 86 F.4th 111, 126 (3d Cir. 2023). For purposes of this Opinion, the Court refers to Plaintiff's pleading as the First Amended Complaint.

[2] The New Jersey Public Employment Relations Commission and its members were also named Defendants in this case. The Third Circuit affirmed the District Court's dismissal of

Plaintiff began working for the Hospital on or around May 31, 2011. *Id.* ¶ 18. On June 30, 2011, as part of her employment, Plaintiff signed a JNESO membership and dues deduction authorization card. *Id.* ¶ 19 & Ex. A (Membership/Dues Deduction form). Several years later, on or about July 12, 2018, Plaintiff submitted a written request to the County that she wanted to stop the dues payments from her paychecks. *Id.* ¶ 21 & Ex. B (Letter). Plaintiff submitted a copy of the letter to JNESO informing them of her withdrawal from union membership. *Id.*

The County responded to Plaintiff that "pursuant to the Workplace Democracy Enhancement Act, she could not resign nor revoke until ten days following her hiring anniversary, which would be May 31, 2019." *Id.* ¶ 22 & Ex. C (Email). The following year, on June 1, 2019, Plaintiff re-submitted her request to cease dues deductions and to withdraw from JNESO. *Id.* ¶ 23 & Ex. D (Letter). According to the First Amended Complaint, "Defendants did not provide Plaintiff any other opportunity to cease paying dues to the union except for the narrow window provided by the WDEA, nearly a year after Plaintiff first requested to cease payments." *Id.* ¶ 24. Plaintiff resigned from the Hospital on July 12, 2018. *Id.*, Demand for Relief ¶ b.

On June 6, 2019, Plaintiff initiated this action. ECF No. 1, Complaint. Thereafter, on February 20, 2020, Plaintiff filed the current First Amended Complaint. Plaintiff seeks to enjoin Defendant JNESO and the County from collecting dues or fees to which she has not consented, and "[a] refund of any dues or fees paid" to JNESO since she resigned on July 12, 2018." *See* FAC, Demand for Relief ¶¶ a-b. Plaintiff further seeks a declaratory judgment holding that employees have a constitutional right to resign from unions at any time and that the enforcement of the WDEA is "void and unenforceable." *Id.* ¶¶ c-d. Finally, Plaintiff seeks to enjoin New Jersey

---

Plaintiff's claims against the State Defendants because Plaintiff lacked Article III standing. *Lutter v. JNESO*, 86 F.4th 111, 128 (3d Cir. 2023).

state officials from enforcing N.J.S.A. 52:14-15.9e(1), the Workplace Democracy Enhancement Act. *Id.* ¶ e.

## PROCEDURAL HISTORY

On April 2 and 3, 2020, Defendants JNESO and the New Jersey Public Employment Relations Commission filed their respective motions to dismiss Plaintiff's FAC. ECF Nos. 56, 59. The Governor and the Attorney General having answered the FAC, filed a response in support of the two motions to dismiss. ECF No. 66.

On June 1, 2021, the Honorable Reneé M. Bumb, U.S.D.J., granted Defendants' motions to dismiss Plaintiff's First Amended Complaint with prejudice. ECF No. 107, Order.[3] Shortly thereafter, on June 22, 2021, Plaintiff appealed the Court's November 30, 2020 and June 1, 2021 Orders dismissing her First Amended Complaint. *See* ECF No. 108, Notice of Appeal. Two years later, on November 28, 2023, the Third Circuit issued a mandate affirming in part and vacating in part the Court's November 30, 2020 Order and affirming the Court's June 21, 2021 Order. ECF No. 109, Mandate. The Third Circuit remanded the case "for resolution of Lutter's claims for damages (and potentially attorney's fees and costs) against JNESO." *Id.* at 2.

On June 23, 2024, Plaintiff submitted a proposed order implementing the Third Circuit's mandate and to schedule a case management conference. ECF No. 111, Proposed Order. The Court scheduled the case management conference for August 7, 2024. ECF No. 122, Text Order. The parties were ordered to submit pre-conference letters "outlining their respective positions on whether any parties other than JNESO remain in the case . . . ." ECF No. 115, Text Order.

---

[3] Judge Bumb had previously granted in part and denied in part Defendants' motions to dismiss, but reserved ruling on Plaintiff's request for prospective declaratory relief relating to the constitutionality of the New Jersey Workplace Democracy Enhancement Act and to enjoin the Defendant state officials' enforcement of the Act. *See* ECF No. 94, Order.

3

On July 25, 2024, the District Judge held that "no defendant other than JNESO remains in this case." ECF No. 122, Text Order. The District Judge relied upon the Third Circuit's opinion which "explicitly and clearly dismissed all claims against the State Official Defendants and Public Employment Relations Commission for lack of standing." *Id.* The District Judge also held that the County of Essex was no longer a live party because Plaintiff did "not make a claim for damages against County of Essex[,]" and that "the Third Circuit's judgment named only JNESO as the remaining defendant for resolution of Lutter's claims for damages." *Id.* The parties then appeared before the District Judge on August 7, 2024, for a pre-motion conference held on the record. *See* ECF No. 125, Minute Entry; ECF No. 165, Transcript of Pre-Motion Conference.

On September 4, 2024, JNESO answered Plaintiff's First Amended Complaint and filed a Third-Party Complaint against County of Essex. ECF No. 126, Answer/Third-Party Complaint. Following an initial scheduling conference with the parties, the Court entered a Scheduling Order that set February 3, 2025, as the expiration of the time to file motions to amend pleadings. *Id.* ¶ 6. On February 28, 2025, Plaintiff filed a letter requesting, among other things, that the deadline to amend pleadings be stayed until after a case management conference due to Third-Party Defendant County of Essex's failure to participate in discovery. ECF No. 146, Pl.'s Letter.

The Court scheduled a status conference for March 14, 2025. *See* ECF No. 147, Order. At the status conference, Plaintiff requested additional time to file a motion for leave to amend her complaint. *See* ECF No. 155, Transcript of Status Conference. The Court granted Plaintiff's request. *See* ECF No. 151, Amended Scheduling Order ¶ 2. On March 28, 2025, in accordance with the Court's Amended Scheduling Order, Plaintiff timely filed her motion. No opposition was filed in response. This matter is now ripe for disposition.

4

# DISCUSSION

Plaintiff moves to amend the First Amended Complaint "to clarify that she is seeking monetary damages against both JNESO and the County, jointly and severally." ECF No. 152-1, Pl.'s Br. at 1. Although Plaintiff believes that her current pleading sufficiently asserts direct claims against JNESO and Essex County and that the Third Circuit's ruling reinstated those claims, she seeks to amend to clarify her position. *Id.* To that end, Plaintiff's proposed Second Amended Complaint amends the caption to include Essex County as a direct defendant and to plead a claim for damages against it. *Id.* at 6.

**Rule 15 Standard**

Federal Rule of Civil Procedure 15 governs amendments to pleadings. *See* Fed. R. Civ. P. 15. A party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Here, Plaintiff timely filed her motion to amend her complaint. *See* ECF No. 151, Amended Scheduling Order ¶ 1. Therefore, the Court only considers whether leave to amend should be granted under Rule 15(a)(2).

The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W.R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, the Court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving

5

party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).  Ultimately, the decision of whether to grant leave to amend is within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Here, Plaintiff contends that the Court should grant leave to amend for the following reasons: (a) the proposed amendments were not rendered futile by the Third Circuit's decision; (b) reinstating Essex County as a direct defendant would not be prejudicial; and (c) the motion is not made in bad faith or dilatory motive and would not cause undue delay.  *See* Pl.'s Br. at 7-13.

**A.    Undue Delay**

"The question of undue delay, as well as the question of bad faith, requires that [courts] focus on the [moving party's] motives for not amending their complaint to assert this claim earlier."  *Adams v. Gould Inc.*, 739 F.2d 858, 868 (1984).  In general, "[d]elay alone, without more, is typically not enough to justify denying a motion to amend."  *Freeman v. McDonnell*, No. 18-7802, 2021 WL 395875, at *4 (D.N.J. Feb. 4, 2021) (citing *Adams*, 739 F.2d at 868).  However, the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained."  *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 219 (D.N.J. 2014).  Further, in the Third Circuit, "[t]here is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'"  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006).  While "delay alone is an insufficient ground to deny leave to amend," *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Cornell & Co.. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978), "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden

on the opposing party." *Cureton*, 252 F.2d at 273 (citing *Adams*, 739 F.2d at 868). "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton*, 252 F.3d at 273.

While the Court finds no dilatory motive or bad faith in Plaintiff's proposed amendment, the Court finds that Plaintiff's delay in seeking to amend would place an undue burden on the Court. Plaintiff filed her original complaint on June 6, 2019. Since then, the parties have engaged in extensive motion practice. This case proceeded to the Third Circuit, where it remained for nearly two years before being remanded to the District Court. Given the parties' purported confusion as to which parties remained in the case after the Third Circuit's ruling, Plaintiff admitted at the March 14, 2025 status conference that in hindsight, she should have moved for reconsideration at the Third Circuit but neglected to do so. ECF No. 155, Hearing Tr. 21:1-3. The Court also notes that Plaintiff had an opportunity to seek reconsideration of the District Judge's ruling that Essex County was no longer a direct defendant in the lawsuit, but Plaintiff did not do so. ECF No. 122, Order.

Plaintiff now attempts to remedy these missteps by seeking leave to amend nearly six years after she filed the case. Throughout these six years, this Court has devoted extensive time and resources to this matter. The Third Circuit has conclusively resolved the claims against all Defendants except JNESO and remanded the matter here solely for resolution of those claims. Given the age of the case, together with the judicial resources already expended, the Court finds that Plaintiff's delay in seeking an amendment is undue. As such, Plaintiff's motion can be denied on that ground alone.

B.     **Futility**

In addition, the Court finds that Plaintiff's proposed amendment is futile. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, the futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). Under these standards, a court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff. *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022). A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As such, "the trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

Given the prior rulings in this matter, the Court finds that the proposed amendments are futile because they are precluded by the law of the case doctrine. "The doctrine of the law of the case dictates that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages of litigation." *Deisler v. McCormack Aggregates, Co.*, 54 F.3d 1074, 1086 (3d Cir. 1995) (cleaned up). "The doctrine is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re Phila. Litig.*, 158 F.3d 711, 717-18 (3d Cir. 1998). The doctrine is most commonly used "to bar litigants from rearguing issues previously decided on appeal[.]" *Id.*

8

Here, Plaintiff's proposed amendments are precluded by the Third Circuit's and the District Judge's rulings in this matter. The Third Circuit found that Plaintiff had standing to assert claims only against Defendant JNESO, and it remanded this case solely for resolution of those claims. *Lutter*, 86 F.4th at 135 ("[T]his case will be remanded for resolution of Lutter's claims for damages (and potentially attorney's fees and costs) against JNESO."). The District Judge directed the parties to submit letter briefs on the issue of which defendants remained in the case as a result of the Third Circuit's decision. ECF No. 115, Text Order. Thereafter, the District Judge ruled that Essex County was no longer a live party in this matter. *See* ECF No. 122, Text Order.

At the August 7, 2024 conference, Plaintiff again asserted that the County should remain a defendant in this matter. ECF No. 165, Transcript of Aug. 7, 2024 Conference ("Conf. Tr.") at 4:3-6. However, the District Judge reiterated to the parties the gist of her July 25, 2025 Text Order—that the Third Circuit's remand to the District Court was limited to the narrow issue of the amount of Plaintiff's damages against JNESO. *See id.* at 22:9-11 (noting that the Third Circuit provided the District Court "a very limited remand" to determine what damages Plaintiff could recover from Defendant JNESO).

Despite these rulings, Plaintiff's proposed amendments constitute an effort to resurrect matters that have already been conclusively addressed. To be sure, the District Judge previously addressed the underpinnings of Plaintiff's proposed amendments and rejected them. Therefore, this Court concludes that the law of the case doctrine compels the conclusion that Plaintiff's amendments are futile. Accordingly, Plaintiff's motion to amend the First Amended Complaint is denied.[4]

---

[4] Because the Court has denied Plaintiff leave to amend on the grounds of undue delay and futility, the Court need not address Plaintiff's arguments concerning prejudice.

9

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint is **DENIED**. An appropriate order shall follow.

s/Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.